

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 13, 1976

The Honorable Fratis L. Duff
Director, Texas Department of
    Health Resources
1100 West 49th Street
Austin, Texas 78756

Opinion No. H-780

Re: Application of the
Open Meetings Act to the
Medical Advisory Board
created by article 6687b,
V.T.C.S.

Dear Doctor Duff:

You have requested our opinion regarding the applicability of the Open Meetings Act, article 6252-17, V.T.C.S., to the Medical Advisory Board. The principal function of the Board, which is created by section 21A of article 6687b, V.T.C.S., is to advise the Texas Department of Public Safety as to the medical condition of persons making application for a driver's license. The statute establishing the Board provides:

> Sec. 21A. (a) No member of any Medical Advisory Board serving and advising the Department and all other persons making examinations for or on recommendation of the members of the Board shall be held liable for their opinions and recommendations.
>
> (b) Reports received or made by any such Board, or its members, for the purpose of determining the medical condition of an applicant are for the confidential use of the Board or the Department and as such are privileged information and may not be divulged to

any person or used as evidence in any trial except that the reports may be admitted in proceedings under Section 22 and Section 31, and any person conducting an examination pursuant to the request of the Board may be compelled to testify concerning his observations and findings in such proceedings.

(c) The Medical Advisory Board shall be comprised of licensed physicians (including physicians specialty-board-qualified in internal medicine, psychiatry, neurology, physical medicine, and ophthalmology) appointed by the State Health Commissioner from individuals jointly recommended by the Texas State Department of Health and the Texas Medical Society, and optometrists appointed by the State Health Commissioner from individuals jointly recommended by the Texas State Department of Health and the Texas Optometric Association.

Any three (3) members can act on any case or question submitted by the Texas Department of Public Safety.

The Open Meetings Act is applicable to

any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken. V.T.C.S. art. 6252-17, § 1a.

It is apparent that, during any portion of a meeting in which the Board is considering "reports. . .received for the purpose of determining the medical condition of an applicant," the Board must meet in closed session, since these reports are expressly made confidential by section 21A of article 6687b. Such proceedings therefore do not involve "deliberation between a quorum of members of a governmental body at which any public business. . .is discussed," and, as a result, are not "meetings" as defined in the Open Meetings Act. Attorney General Opinion H-223 (1974). See also Attorney General Opinion H-484 (1974).

As to those portions of the Board's meetings at which matters other than those made confidential by statute are discussed, the applicability of the Open Meetings Act depends upon whether the Board exercises supervision or control, either actual or implied, over public business or policy. Attorney General Opinion H-772 (1976). It would appear that the Board is merely an advisory body lacking any supervisory control over public business. If so, the Open Meetings Act is not applicable to its proceedings. If, on the other hand, the Board does exercise such authority, it must comply with the requirements of the Open Meetings Act.

## S U M M A R Y

While the Medical Advisory Board is considering information expressly made confidential by statute, it is not subject to the provisions of the Open Meetings Act. During the Board's consideration of other matters, it is subject to the Act only if it is exercising supervision or control over public business or policy.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb